UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUSSELL B. SMITH, JR., <br><br> Plaintiff, <br><br> v. <br><br> BNSF RAILWAY COMPANY, <br><br> Defendant. | CASE NO. 3:25-mc-05013-DGE <br><br> ORDER TRANSFERRING MOTION TO QUASH FOREIGN SUBPEONA (DKT. NO. 1) TO DISTRICT OF MONTANA AND CLOSING CASE |

Non-party Respondent Dr. Mohammed Kanaan filed an emergency motion to quash a foreign subpoena. (Dkt. No. 1.) "Federal Rule of Civil Procedure 45 explicitly contemplates the use of subpoenas in relation to non-parties and governs subpoenas served on a third party . . . as well as motions to quash or modify or to compel compliance with such a subpoena." *Orix USA Corp. v. Armentrout*, 2016 WL 3926507, at *1 (N.D. Tex. July 21, 2016) (internal quotation marks omitted). The motion to quash a foreign subpoena was properly filed in this district, where compliance with the subpoena will occur. Fed. R. Civ. P. 45(d)(2)(B)(i). The underlaying litigation is *Smith v. BNSF Railway Company, et al.*, 4:23-cv-00082-BMM, which has been

pending for almost two years in the District of Montana and is set for trial on October 27, 2025 (*see* 4:23-cv-00082-BMM Dkt. No. 40).

Under Rule 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." *Id.* "Rule 45(f) does not require that a motion to transfer be filed, and the Court may *sua sponte* order transfer where appropriate." *Armentrout*, 2016 WL 3926507, at *2 (citation omitted). The Advisory Committee Notes to Rule 45 discuss what may constitute exceptional circumstances, finding "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45, Advisory Committee Notes on 2013 Amendments. The Notes caution that "[t]ransfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*

"Courts have also considered a number of factors relating to the underlying litigation including 'the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'" *E4 Strategic Sols., Inc. v. Pebble Ltd. P'ship*, 2015 WL 12746706, at *3 (C.D. Cal. Oct. 23, 2015) (quoting *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)). " 'Numerous district courts have found exceptional circumstances' when motion practice 'in the issuing court raises similar arguments to those raised in the motion sought to be transferred.' " *Bright House Networks, LLC v. MarkMonitor, Inc.*, No. 20-MC-80083-TSH, 2020 WL 4464882, *2 (N.D. Cal. Aug. 3, 2020) (quoting *E4*, 2015 WL 12746706, at *3 (citations omitted)). For

example, transfer is warranted when the issuing court has already considered issues implicated in a subpoena related motion, or where "ruling on the motion to compel would require the court of compliance to duplicate review already conducted by the issuing court, or where it would risk disruption of the issuing court's management of the underlying litigation." *Id.* In such circumstances, the issuing court is better positioned to rule on the motion due to its familiarity with the underlaying facts and issues. *Id.* Ultimately, "[w]hile a 'prime concern' is to 'avoid burdens on local nonparties subject to subpoenas,' this 'interest of the nonparty in obtaining local resolution of the motion[ ]' must be balanced with the interests in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court." *Judicial Watch, Inc.*, 307 F.R.D. at 34 (quoting Advisory Committee Notes on 2013 Amendments.)

      Here, the underlaying litigation has been pending for almost two years, and the District of Montana has already ruled on motions to compel discovery (4:23-cv-00082-BMM Dkt. No. 118) that implicate the Respondent in this matter—Dr. Kanaan. Because the District of Montana "has already ruled on discovery disputes in that matter . . . [the] court is assuredly more familiar with the relevant issues and technical background of the dispute." *Bright House*, 2020 WL 4464882, at *3. Given the case is set for trial on October 27, 2025, the district judge handling the case in the District of Montana is in a much better position than this Court to rule on the motion to quash efficiently and in a manner consistent with prior rulings. *See Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 45–46 (D.D.C. 2014) (transferring subpoena-related motions under Rule 45(f) as judge in underlaying litigation was in "better position" to rule given her "familiarity with the full scope of issues as well as any implications the resolution of the motion will have on the underlying litigation").

Although the burden of defending the motion to quash will be greater on the local third parties in Montana than here, the Advisory Committee Notes to Rule 45 encourage courts to allow third party appearances by telephone in cases where a subpoena-related motion has been transferred. *ASI, Inc. v. Boren, Osher & Luftman, LLP*, No. MC 24-0151-FMO (JPRX), 2025 WL 1090173, *2 (C.D. Cal. Jan. 24, 2025). Additionally, Rule 45(f) permits counsel to participate without having to find local counsel, which significantly lessens the burden on the local third party. Fed. R. Civ. P. 45(f) ("if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court"). Accordingly, it does not appear that the burden to the third party is great. Moreover, the district judge in the District of Montana has agreed he is well positioned to rule on the pending motion. Transferring the motion will promote judicial economy, minimize the risk of any inconsistent rulings, and aid the district judge in managing the underlaying litigation. *See Woodard v. Victory Recs. Inc.*, No. CV 14-490 ODW (AJW), 2014 WL 12569342, *1 (C.D. Cal. Mar. 12, 2014).

For these reasons, exceptional circumstances exist to transfer this motion (Dkt. No. 1) to the District of Montana for resolution. The Court directs the Clerk to close this matter after transfer of the motion to quash the foreign subpoena.

Dated this 21st day of October, 2025.

David G. Estudillo
United States District Judge

ORDER TRANSFERRING MOTION TO QUASH FOREIGN SUBPEONA (DKT. NO. 1) TO DISTRICT OF MONTANA AND CLOSING CASE - 4